OPINION *Page 2 
{¶ 1} Appellants, John A. Shalvey and Lora K. Shalvey, appeal from the August 11, 2006 Entry granting summary judgment and decree in foreclosure; the August 15, 2006 Entry granting summary judgment; and Amended Entry granting summary judgment and decree in foreclosure, in favor of appellee, Wells Fargo Bank, N.A. in the Delaware County Court of Common Pleas.
 {¶ 2} On July 22, 2005, appellant John A. Shalvey executed and delivered to appellee a promissory note and first mortgage on the property located at 5863 Medallion Drive West, Westerville, Ohio 43082. Appellant Lora K. Shalvey did not co-sign the note, but signed the mortgage and is co-owner of the property.
 {¶ 3} In February 2006, appellant John A. Shalvey allegedly defaulted on the terms of the note.
 {¶ 4} Appellee filed a Complaint in Foreclosure on May 3, 2006 alleging that appellants were in a breach of covenant or agreement of their mortgage to appellee. Appellants filed an Answer on June 30, 2006 asserting that appellee failed to give notice of the breach as required by Paragraph 22 of the mortgage. Appellants asserted that the notice was a condition precedent to the acceleration and foreclosure.
 {¶ 5} Paragraph 22 states: "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on *Page 3 
or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, costs of title evidence."
 {¶ 6} Appellee filed a Motion for Summary Judgment on July 18, 2006. Appellee attached an affidavit of the Vice President of Loan Documentation, Regina Shaw. Ms. Shaw attested that the appellants were in default as of February 1, 2006 and that appellee had elected to accelerate the entire balance due. Appellants filed a Memoranda Contra Plaintiff's Motion for Summary Judgment on July 26, 2006 and attached affidavits attesting that appellee failed to give requisite notice of the breach. Appellee then filed a Reply on August 7, 2006. Appellee attached the notice of its intention to accelerate the loan without an accompanying affidavit. This notice was dated March 6, 2006 and addressed to John A. Shalvey at 5863 Medallion Drive West, Westerville, Ohio 43082.
 {¶ 7} The trial court issued an Entry granting appellee's motion for summary judgment on August 15, 2006. The Entry states: *Page 4 
 {¶ 8} "Paragraph fifth-teen (sic) of the mortgage sets forth notice requirements and paragraph twenty-two sets forth acceleration requirements. The Plaintiff's March 6, 2006 demand letter (attached to Pl. Memo Contra, Ex. A) satisfies the contract requirements of both paragraphs fifth-teen (sic) and twenty-two. Accordingly, the Defendants' assertion that the Plaintiff failed to comply with those paragraphs is not well taken."
 {¶ 9} Appellants timely appealed from the trial court's Judgment Entries raising the following assignments of error:
 {¶ 10} "I. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO APPELLEE WITHOUT FIRST RECEIVING AN AUTHENTICATED OR VERIFIED NOTICE OF BREACH, WHICH NOTICE IS A CONDITION PRECEDENT TO ACCELERATION AND THEREFORE FORECLOSURE UNDER PARAGRAPH 22 OF THE MORTGAGE. (DOCKET NOS. 24, 25 AND 26)
 {¶ 11} "II. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO APPELLEE BASED UPON AN UNAUTHENTICATED, UNVERIFIED NOTICE OF BREACH WHICH WAS: NOT SIGNED BY ANYONE; SHOWS NO PROOF OF MAILING; AND IS ADDRESSED TO ONLY ONE OF THE TWO MORTGAGORS. (DOCKET NOS. 24, 25 AND 26)."
 {¶ 12} The assignments of error are interrelated and will be addressed together.
 {¶ 13} Our standard of review is de novo, and as an appellate court, we must stand in the shoes of the trial court and review summary judgment on the same standard and evidence as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. *Page 5 
 {¶ 14} Civil Rule 56 (C) states in part:
 {¶ 15} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 16} Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356.
 {¶ 17} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
 {¶ 18} Civil Rule 56(E) requires: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters in the affidavit. Sworn or certified copies of all paper or parts of papers referred *Page 6 
to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits."
 {¶ 19} In Ebbets Partners Ltd. v. Day, Ohio App. 2 Dist. No. 19748, 2003-Ohio-4425, a breach of automobile lease contract was brought on an accounts sale agreement, under which automobile lease was assigned to plaintiff assignee. An assignment agreement was attached to the motion for summary judgment without a supporting affidavit. The court held that "without a supporting affidavit or other sworn certified material permitted by Civ.R. 56(E), the assignment agreement was not properly before the trial court." Id.
 {¶ 20} In the case sub judice, the parties agree that a condition precedent to the acceleration clause is a notice of default. Appellants attached affidavits to their Memoranda Contra attesting that they received a copy of this notice from their legal counsel. A reasonable inference to be drawn is that the earlier notice from appellee was not received by appellants. Appellee countered the affidavits with a demand letter dated March 6, 2006, which is attached to the Reply. There is not an affidavit accompanying this document to authenticate or verify it under Civ.R. 56. Therefore, the trial court should not have considered it when it rendered its decision based on Civ.R. 56. Nor did appellants have a reasonable opportunity to move to strike the improper evidence before judgment was rendered against them. *Page 7 
 {¶ 21} Accordingly, appellants' assignments of errors are affirmed.
 {¶ 22} The judgment of the Delaware County Court of Common Pleas is reversed and remanded for further proceedings.
 By: Delaney, J. Gwin, P.J. and Hoffman, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is reversed and remanded. Costs assessed to appellee. *Page 1