[Cite as *R.B.S. Citzens v. Adams*, 2012-Ohio-1889.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

RBS CITIZENS, N.A. FKA
CITIZENS BANK, N.A.
SUCCESSOR BY MERGER TO
CHARTER ONE BANK, N.A.,

                                          CASE NO.  13-11-35

      PLAINTIFF-APPELLEE,

      v.

LARRY M. ADAMS, ET AL.,                 O P I N I O N

      DEFENDANTS-APPELLANTS.

Appeal from Seneca County Common Pleas Court
Trial Court No. 11 CV 0339

**Judgment Affirmed**

Date of Decision:   April 30, 2012

**APPEARANCES:**

     *Charles R. Hall, Jr.*  **for Appellants**

     *Roger W. Goranson and Gretchen F.G. Weston*  **for Appellee**

Case No. 13-11-35

**WILLAMOWSKI, J**.

{¶1} Defendants-Appellants, Larry M. Adams and Shannon B. Adams ("Appellants"), appeal the judgment of the Seneca County Court of Common Pleas granting summary judgment in favor of Plaintiff-Appellee, RBS Citizens, N.A. ("the Bank") in the Bank's foreclosure action against Appellants. On appeal, Appellants contend that the trial court erred in granting summary judgment in favor of the Bank because they claim that the Bank failed to provide evidence that it sufficiently complied with the Acceleration Notice Clause in their Mortgage documents as a condition precedent to foreclosure. For the reasons set forth below, the judgment is affirmed.

{¶2} On November 8, 2005, Appellants executed a Note for $120,000, at 7.07% annual interest, in favor of the Bank[1] and secured by a Mortgage on their property at 5303 East Township Road 138, Tiffin, Ohio 44883. On August 18, 2011, the Bank filed a Complaint for foreclosure, seeking *in rem* judgment on the Note and also seeking to foreclose its Mortgage lien interest on the subject property. Appellants filed an answer of general denials and a list of non-specific affirmative defenses.

{¶3} On September 28, 2011, the Bank filed a motion for summary judgment, stating that it was entitled to judgment as a matter of law. In addition to

---

[1] RBS Citizens, N.A., is successor by merger to Charter One Bank, N.A.

-2-

the pleadings already filed, the Bank relied upon the affidavit of its employee Linda Cross, verifying that the Bank was the owner and holder of the attached promissory Note and Mortgage, and further attesting that the account was in default for the payment due March 1, 2011, and all subsequent payments thereto were not made. Ms. Cross further attested that the Bank had elected to call the entire balance of the account due and payable, in accordance with the terms of the Note and Mortgage, and that the balance due as of February 1, 2011 was $112,764.56, plus interest, taxes, and fees owed, for a total of $119,336.36 due.

{¶4} On October 4, 2011, Appellants filed a response to the motion for summary judgment, claiming that the Bank was not entitled to summary judgment because it had failed to establish that it had sufficiently complied with the Acceleration Notice Clause requiring that the Bank give prior notice of a default or acceleration. Appellants cited to *LaSalle Bank, N.A. v. Kelly*, 9th Dist. No. 09CA0067-M, 2010-Ohio-2668, ¶ 13, quoting *First Financial Bank v. Doellman*, 12th Dist. No. CA2006-02-029, 2007-Ohio-222, ¶ 20, for the proposition that if prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, that provision of such notice is a condition precedent to filing for foreclosure. Appellants did not provide any affidavit or other evidentiary materials with their response.

**{¶5}** On October 17, 2011, the Bank filed a reply, asserting that Appellants' opposing response was not supported by any proper supporting evidence pursuant to Civ.R. 56. In addition, the Bank provided the affidavit of Linda Cross, attesting that the attached Notice and Demand letter was sent to Appellants by U.S. Mail, postage pre-paid on May 5, 2011, and that the letter had never been returned as undelivered. The affiant further stated the copy of the demand letter attached to the affidavit was a true and accurate copy of the original letter giving Appellants Notice of Default and Acceleration. The attached letter was addressed to the Appellants, dated May 4, 2011, and it stated:

> As you know, your mortgage payments are delinquent from the 03-01-11 installment. This constitutes a default under the terms of your mortgage loan documents. The total amounted needed to cure this default as of 05-04-11 date is $3,407.36. * * *
>
> Failure to cure the above-stated default by 06-03-11 may result in the noteholder's decision to accelerate the entire debt. This means that further payments may not be accepted on your loan and foreclosure proceedings may be instituted under the terms of your loan documents, resulting in foreclosure. * * *

(Oct. 17, 2011 Plaintiff's Reply).

**{¶6}** On November 4, 2011, after consideration of all pleadings and evidence presented, the trial court found that there were no genuine issues as to any material fact and that the Bank was entitled to judgment as a matter of law. It is from this judgment that Appellants timely appeal, raising the following assignment of error for our review.

**Assignment of Error**

**The trial court abused its discretion by granting [the Bank's] Motion for Summary Judgment.**

{¶7} In their sole assignment of error, Appellants assert that the Bank failed to establish that it sufficiently complied with the Acceleration Notice Clause as a condition precedent to foreclosure.  Appellants claim that they raised an "issue of fact" when they responded to the Bank's motion for summary judgment and asserted that the bank failed to provide notice of acceleration as a condition precedent according to provision number 22 of the Mortgage instrument. Appellants contend that the Bank's "self-serving affidavit that it had sent a notice to the Appellants" was a conclusory statement that was not sufficient to "resolve genuine issues of material facts in its favor." (Appellants' Brief, p. 7)

{¶8} An appellate court reviews a summary judgment order *de novo*. *Hillyer v. State Farm Mut. Auto. Ins. Co.*, 131 Ohio App.3d 172, 175 (8th Dist.1999).  Pursuant to Civ.R. 56(C), summary judgment may be granted when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor.  *Horton v. Harwick Chemical Corp.,* 73 Ohio St.3d 679, 686–687, 1995–Ohio–286.

{¶9} The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 1996–Ohio–107.  Once the moving party meets its initial burden, the nonmoving party must then produce competent Civ.R. 56(C) evidence demonstrating that there is a genuine, material issue for trial. *Id*. at 293. In order to defeat summary judgment, the nonmoving party must produce evidence beyond conclusory statements or denials set forth in the pleadings; rather, the non-movant must submit evidentiary material sufficient to create a genuine dispute over material facts at issue.  Civ.R. 56(E); *Dresher*, *supra*; *Miller v. Potash Corp. of Saskatchewan, Inc*., 3d Dist. No. 1–09–58, 2010–Ohio–4291, ¶ 13.  Conclusory allegations by either party, without specific supporting facts, have no probative value.

{¶10} Based upon our *de novo* review of the evidentiary materials in the record, we find that the trial court did not err when it granted summary judgment in favor of the Bank.  The record shows that:  (1) Appellants never raised a genuine issue of material fact as to whether or not the Bank had sent the Notice of Acceleration; and, (2) the Bank did present summary judgment evidence that it had sufficiently complied with the Acceleration Notice as a condition precedent to foreclosure.

{¶11} In its response to the Bank's motion for summary judgment, Appellants simply claimed that the Bank had not submitted any evidence that it had provided Appellants with required notice of default or acceleration, per the terms of their Mortgage agreement. However, Appellants did *not* claim that the Bank failed to send such notice or that they had not received any such notice. Nor did they submit any Civ.R. 56(C) evidentiary materials demonstrating that the Bank had not sent them the required notice. Appellants merely pointed out that the Bank had failed to *submit* such evidence with its motion.

{¶12} The Bank then supplemented its motion for summary judgment with another affidavit from Ms. Cross *and* a copy of the Notice of Default and Acceleration that it had sent. The trial court now had before it evidence from the Bank that Appellants were in default; that they had failed to cure the default; and that they had been provided with the proper notice before foreclosure actions were commenced. There was no evidence from Appellants disputing any of this evidence, so there were no issues of fact before the trial court that would preclude its finding that the Bank was entitled to judgment as a matter of law.

{¶13} However, Appellants contend that the Bank's "self-serving" affidavit by Ms. Cross was not proper evidence, citing to this Court's decision in *Cornell v. Rudolph*, 3d Dist. No. 1-10-89, 2011-Ohio-4322, ¶ 12. However, in *Cornell*, we stated:

> "Generally, a party's unsupported and self-serving assertions, offered by way of affidavit, *standing alone and without corroborating materials under Civ.R. 56*, will not be sufficient to demonstrate material issues of fact. Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party." (Citations omitted.) *TJX Cos., Inc. v. Hall*, 183 Ohio App.3d 236, 2009–Ohio–3372, 916 N.E.2d 862, ¶ 30.

(Emphasis added.) *Id.*

{¶14} In this case, the Bank's affidavit was submitted *with* corroborating materials; it was considerably more than a "bare contradiction of the evidence." A copy of the Notice was attached, and it was authenticated by way of the affidavit. And, as stated above, Appellants never submitted any evidentiary material challenging the authenticity of the Notice or the fact that it had been sent. The affidavit and copy of the letter providing Notice were proper summary judgment evidence pursuant to Civ.R. 56.

{¶15} It was undisputed that Appellants executed the subject Note and Mortgage owned by RBS and it was also undisputed that Appellants defaulted on their payments. Furthermore, Appellants did not dispute the amount that was owed. Appellants' only basis for claiming that the Bank was not entitled to summary judgment was their allegation that the Bank failed to provide evidence that it had notified them prior to accelerating the debt. This unsupported

contention was disproved by the Bank's unchallenged evidence that notice had been sent. Based on the above, Appellants' assignment of error is overruled.

{¶16} Having found no error prejudicial to the Appellants herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and PRESTON, J., concur.**

**/jlr**