[Cite as *Deutsche Bank Natl. Trust Co. v. Johnson*, 2013-Ohio-4661.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 12-CA-96 |
| | : | |
| CHAD R. JOHNSON AND DRENNA A. JOHNSON, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Licking County Court of
                                 Common Pleas, Case No. 2012 CV
                                 00769

JUDGMENT:                        AFFIRMED

DATE OF JUDGMENT ENTRY:          October 11, 2013

APPEARANCES:

For Plaintiff-Appellee:                    For Defendants-Appellants:

DAVID A. WALLACE                           JAMES R. BILLINGS
KAREN M. CADIEUX                           ROBIN L. JINDRA
CARPENTER LIPPS & LELAND LLP               ZACKS LAW GROUP LLC
280 Plaza, Suite 1300                      33 South James Road, 3rd Floor
280 North High Street                      Columbus, OH 43213
Columbus, OH 43214

*Delaney, J.*

{¶1} Appellants Chad and Drenna Johnson hereby appeal from the November 20, 2012 Entry Granting Summary Judgment and Decree in Foreclosure of the Licking County Court of Common Pleas. Appellee is Deutsche Bank National Trust Company.

## FACTS AND PROCEDURAL HISTORY

{¶2} Appellants borrowed $312,000 from First Franklin a Division of Nat. City Bank of IN ("First Franklin") in 2006, promising to repay the loan by signing a note dated June 26, 2006. Appellants also signed a mortgage encumbering the property known as 11193 Palmer Road Southwest, Pataskala, Ohio 43062 as security for repayment of the loan. The mortgage designated Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee and the nominee for First Franklin. The note was endorsed by First Franklin to First Franklin Financial Corporation, which then endorsed the note in blank. MERS, as nominee for First Franklin, assigned the mortgage to appellee on May 9, 2012.

*Relevant Terms of the Note and Mortgage*

{¶3} The note states the following pertaining to default:

> B. <u>Default:</u> If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.
>
> C. <u>Notice of default:</u> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on

that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

{¶4}   The note states the following regarding notice:

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address. Any notice that must be given to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address (*sic*).

{¶5}   The mortgage defines "applicable law" as follows:

H. "Applicable Law" means all controlling applicable federal, state and local statues (*sic*), regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

{¶6}   The mortgage states the following regarding notice:

15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower

when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. * * * If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

{¶7} Regarding acceleration and remedies, the mortgage states:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument * * *. The notice shall specify: a) the default; b) the action required to cure the default; c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and d) that failure to cure the default on or before the date specified in the notice may result in acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled

to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, costs of title evidence.

{¶8} The assignment of mortgage was recorded with the Licking County Recorder on May 24, 2012 as Instrument No. 201205240011551.

{¶9} Appellants fell behind on their mortgage payments and, according to appellee, were sent default notices on February 4, 2010. These notices advised of default, the amount required to cure default, the deadline of March 6, 2010, and the possible consequence of acceleration of the loan and the filing of a foreclosure action. Appellants did not cure the default and, according to appellee, currently owe a principal balance of $305,865.70, plus interest at a rate of 5.75% per annum from July 1, 2010.

{¶10} Appellee filed the underlying foreclosure action on June 6, 2012 and appellants answered. Appellee filed a motion for summary judgment; appellants responded and appellees replied.

{¶11} On November 20, 2012, the trial court granted summary judgment in favor of appellee and journalized an Entry Granting Summary Judgment and Decree in Foreclosure.

{¶12} Appellants now appeal from the entry of the trial court granting summary judgment in favor of appellee.

{¶13} Appellants raise one assignment of error:

**ASSIGNMENT OF ERROR**

{¶14} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT (REC 45)."

**ANALYSIS**

{¶15} Appellants argue the trial court improperly granted summary judgment for appellee because an issue of material fact exists as to whether notice of default was properly given.  We disagree.

{¶16} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56, which was reaffirmed by the Ohio Supreme Court in *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex rel. Parsons v. Fleming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994), citing *Temple v. Wean United, Inc.* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶17} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgment motions on the same standard and evidence as the trial court.  *Smiddy  v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 56 N.E.2d 212 (1987).

{¶18} The mortgage requires that the notice of acceleration is first provided to borrowers prior to acceleration, and this notice must contain a deadline to cure the default and prevent acceleration. Appellants assert they have brought forth evidence creating a material issue of fact "as to whether they received proper notice of default and notice of acceleration pursuant to the terms of the Note and Mortgage." The cited evidence is 1) the failure of appellee's witness (Fazio) to state in her affidavit whether she had any personal knowledge of such notice, and 2) affidavits from each appellant stating they never received notice of the default or notice of the acceleration of the mortgage from appellee. We have reviewed the Civ.R.56 evidence cited by appellants. Fazio's affidavit states she has personal knowledge of the record-keeping procedures pertaining to appellants' loan. Exhibits D and E appended to Fazio's affidavit are notices of default mailed to each appellant indicating the intent to accelerate and paragraph seven of Fazio's affidavit states in pertinent part, "* * * Affiant states that the defendant (*sic*) was served with notice of their default and notice of the plaintiff's intent to accelerate by letter, attached here as Exhibits D and E."

{¶19} This notice therefore contains the information required by the note and mortgage; appellant does not point out any specific deficiency in the notice. Notice is effective upon mailing pursuant to the terms of both. Appellants' affidavits state "…the Bank has not provided me with any document entitled notice of default or notice of acceleration of a document entitled Note" (¶ 2) and "… the Bank has not provided me with any notice of default or notice of acceleration of a document entitled Mortgage" (¶ 3). This oddly equivocal language leads us to conclude appellants did receive notice of default that did not have a title, as reflected in appellee's Exhibits D and E. We find the

contents of the notice required by the note and mortgage to be satisfied by appellee's Exhibits D and E.

{¶20} Appellants further argue their affidavits create an issue of material fact as to service and cite a number of cases purporting to establish there is a genuine issue of material fact when there is an allegation that the borrower did not receive notice of the default.   As appellee points out, however, each of those cases is distinguishable due to flaws in the Civ.R. 56 evidence which do not exist in the instant case.  *First Financial Bank v. Doellman,* 12th Dist. No. CA2006–02–029, 2007-Ohio-222 (letter providing notice that was attached to the lender's reply memorandum was not incorporated by reference into an affidavit or authenticated and not sent by certified mail); *Mortgage Electronic Registration Systems, Inc. v. Akpele*, 9th Dist. Summit No. 21822, 2004-Ohio-3411 (default letter attached to reply brief not authenticated by affidavit, nor was certified mail receipt submitted despite appellee's claim notice sent by certified mail); *Contimortgage Corp. v. Childers*, 6th Dist. Lucas No. L-00-1332, 2001 WL 477235 (May 4, 2001) (default notice attached to affidavit but affidavit failed to state notice provided to borrowers); *Wells Fargo Bank, NA v. Shalvey*, 5th Dist. Delaware No. 06CAE090060, 2007-Ohio-3928 (notice of default not submitted with summary judgment motion and copy attached to reply brief not authenticated by affidavit).

{¶21} In the instant case, we find appellee complied with the terms of the mortgage and the note when it sent notice of default to appellants. The Fazio affidavit incorporates by reference the notice of default letters, both of which are addressed to appellants.  The note and mortgage provide notice is effective upon mailing.   The Fazio affidavit states, "Affiant states that the defendant was served with notice of their default

and notice of the plaintiff's intent to accelerate by letter, attached here as Exhibits D and E." We find this averment to be sufficient to establish that appellee complied with the notice requirement. *Citimortgage, Inc. v. Randy Loncar*, 7th Dist. Mahoning No. 11 MA 174, 2013-Ohio-2959, ¶ 28. See also, *R.B.S. Citizens v. Adams*, 3rd Dist. Seneca No. 13-11-35, 2012-Ohio-1889.

{¶22} Finally, appellants assert they do not agree with the balance due on the note but have not raised this issue as error. The blanket objection to the amount, without more, is not sufficient to overcome a motion for summary judgment. A mere statement that a debtor does not owe the amount of the debt is "nothing more than a general denial" of the plaintiff's claim, which is insufficient to satisfy the defendant's reciprocal summary judgment burden. *Citibank v. McGee*, 7th Dist. Mahoning No. 11 MA 158, 2012-Ohio-5364, ¶ 29, citing *Citibank (South Dakota) N.A. v. Ogunduyile*, 2d Dist. Montgomery No. 21794, 2007–Ohio–5166, ¶ 15. Instead, appellant "was required to set forth specific facts that would permit a trier of fact to find that the amount of debt claimed by * * * [the plaintiff] was incorrect." Appellants failed to set forth any such facts in response to appellee's motion for summary judgment and on appeal.

{¶23} We find no genuine issue as to any material fact remains to be litigated, appellee is entitled to judgment as a matter of law, and it appears from the parties' evidence that reasonable minds can come to but one conclusion. Viewing such evidence most strongly in favor of appellants, appellee is entitled to summary judgment. Appellants' sole assignment of error is therefore overruled.

**CONCLUSION**

{¶24} Appellants' sole assignment of error is overruled and the judgment of the

Licking County Court of Common Pleas is affirmed.

By: Delaney, J. and

Hoffman, P.J.

Wise, J., concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE