Judgment reversed<br>and cause remanded.

EDWARDS and DELANEY, JJ., concur.

---

## NATIONAL CITY MORTGAGE COMPANY, Appellee,

### v.

## RICHARDS, Appellant; Doe et al., Appellees.

[Cite as *Natl. City Mtge. Co. v. Richards*, 182 Ohio App.3d 534, 2009-Ohio-2556.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–630.

Decided June 2, 2009.

Lerner, Sampson & Rothfuss, L.P.A., Adam R. Fogelman, and Elizabeth S. Brashear, for appellee.

Equal Justice Foundation and Rachel K. Robinson, for appellant.

FRENCH, Presiding Judge.

{¶ 1} Defendant-appellant, Jennie B. Richards, appeals from the Franklin County Court of Common Pleas' entry of summary judgment and decree of foreclosure in favor of plaintiff-appellee, National City Mortgage Company, d.b.a. Commonwealth United Mortgage Company Corporation ("National City"). For the following reasons, we reverse the trial court's judgment.

{¶ 2} On June 22, 2004, Richards executed a promissory note (the "note") in favor of National City in the amount of $84,500, secured by a mortgage (the "mortgage") on her property at 1366 Frebis Avenue in Columbus, Ohio. On December 27, 2005, National City filed a complaint in foreclosure and for reformation of mortgage against Richards, alleging that "[b]y reason of default under the terms of the note and the mortgage securing same, [National City] has declared the debt evidenced by said note due, and there is due thereon from [Richards] $83,477.89, together with interest at the rate of 6.93% per year from September 1, 2005, plus court costs, advances, and other charges, as allowed by law." National City also alleged that the conditions of defeasance in the mortgage had been broken and that it was entitled to have the mortgage foreclosed.

{¶ 3} Richards, acting pro se, filed an answer on January 26, 2006, denying that she was in default under the terms of the note. Specifically, Richards stated that

she paid the past-due amount, her January 2006 payment, and accrued fees on January 13, 2006, in accordance with her mortgage statement, dated December 12, 2005. That statement showed a past-due amount of $2,341.98, a January 2006 payment due of $780.66, late charges of $169.06, and other fees of $38.00, for a total due of $3,329.70 if paid by January 16, 2006. Despite Richards's payments, however, she received a letter from National City, dated February 1, 2006, stating that $6,838.09 was required to reinstate her loan. That total did not include credits for Richards's payments in December 2005 and January 2006, but did include a charge of $2,630 for foreclosure fees and costs.

{¶ 4} Richards filed a second response to National City's complaint on February 13, 2006, stating that she had sent National City $3,380.66 in December 2005 and January 2006 to bring her account current through January 2006, but that National City refused her payment. Richards stated: "I * * * have enclosed the check of $3380.66 plus February's payment and other charges owed of $264.00 which will bring my mortgage current excluding the attorney's fee which I can not afford to pay right now. I want to set up a repayment plan for the attorney's fee with justification of their fees. Please contact me within 7 to 10 days to have this setup so I can begin payments." Along with a letter dated February 15, 2006, National City returned Richards's payments of $4,167, stating that the payments were less than the total due for reinstatement.

{¶ 5} On February 16, 2006, National City filed a motion for summary judgment, supported by the affidavit of Teresa S. Clopp, an authorized signer employed by National City, who stated that there had been a default in payment under the terms of the note and mortgage and that National City had elected to accelerate the entire balance due.

{¶ 6} In March 2006, Richards obtained legal counsel, who entered an appearance and filed a motion for leave to respond to National City's motion for summary judgment and for additional time to respond pursuant to Civ.R. 56(F). On March 24, 2006, the trial court granted National City's motion for summary judgment and issued a decree in foreclosure, but on April 24, 2006, the trial court vacated its judgment so that it could rule on Richards's motion for leave to file a memorandum in opposition.

{¶ 7} On January 12, 2007, National City filed a second motion for summary judgment, supported by a supplemental affidavit by authorized signer Laura Cauper. In addition to the statements made in Clopp's affidavit, Cauper stated that a "demand/acceleration letter," dated November 16, 2006, was sent to Richards at the property address.

{¶ 8} On January 29, 2007, Richards filed motions for an extension of time to oppose National City's second motion for summary judgment, for a revised case schedule, and for leave to file an amended answer. The trial court denied

Richards's motion for leave to file an amended answer, but issued a revised case-management schedule permitting Richards to file her response to National City's second motion for summary judgment on or before June 15, 2007.

{¶ 9} In her memorandum contra National City's second motion for summary judgment, Richards argued that genuine issues of material fact remained as to the following: (1) whether National City provided contractually required notice of default and of its intention to accelerate the debt, (2) whether Richards cured her default, entitling her to reinstatement, and (3) whether National City acted unreasonably, arbitrarily, and unconscionably by rejecting Richards's payments and by demanding unverified, and possibly unreasonable, foreclosure costs and fees. In support, Richards filed her own affidavit, an affidavit by her attorney, and various exhibits incorporated by reference into Richards's affidavit. The trial court denied National City's second motion for summary judgment, finding that National City failed to meet its initial burden because there was no evidence that National City complied with the notice requirements in the note and mortgage.

{¶ 10} National City filed a third motion for summary judgment on October 29, 2007, supported by the affidavit of Assistant Vice President, Brian J. Arthur, who stated that, "to the best of its knowledge," National City satisfied all conditions precedent to foreclosure. Arthur stated that a notice of default was prepared and mailed to Richards at the property address via certified mail, but he also stated that National City received the certified-mail return receipt from the U.S. Postal Service, showing that the notice of default was unclaimed. Richards filed a memorandum contra National City's third motion for summary judgment, and National City filed a reply memorandum.

{¶ 11} On June 27, 2008, the trial court granted National City's third motion for summary judgment and issued a final judgment and decree of foreclosure. The court found that Richards failed to demonstrate a genuine issue of material fact with respect to whether her payments to National City brought her loan current. The trial court rejected Richards's arguments regarding National City's compliance with the notice requirements in the note and mortgage, stating that the evidence "establishes that the [notice of default] was delivered to [Richards's] address." The trial court also rejected Richards's arguments regarding National City's authority to require payment of attorney fees as a condition of reinstatement and the reasonableness of the claimed attorney fees.

{¶ 12} On appeal, Richards asserts three assignments of error, as follows:

I. The trial court erred in finding that [National City] provided the Notice of Default to [Richards] in compliance with the terms of the Note and Mortgage, which was a condition precedent to acceleration of the Note and commencing the foreclosure action.

II.   The trial court erred in granting [National City's] Motion for Summary Judgment because the payments Ms. Richards made in December 2005 and January 2006 brought her loan current and complied with [National City's] December 12, 200[5] Mortgage Statement.

III.   The trial [court] erred because genuine issues of material fact exist as to the propriety and reasonableness of [National City's] demand for attorney fees.

{¶ 13} Each of Richards's assignments of error stems from the trial court's grant of summary judgment in favor of National City.   We review a summary judgment de novo.   *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265, citing *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153.   When an appellate court reviews a trial court's disposition of a summary-judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination.   *Maust v. Bank One Columbus, N.A.* (1992), 83 Ohio App.3d 103, 107, 614 N.E.2d 765;  *Brown* at 711, 622 N.E.2d 1153.   We must affirm the trial court's judgment if any grounds the movant raised in the trial court support it.   *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 41–42, 654 N.E.2d 1327.

{¶ 14} Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."   Accordingly, summary judgment is appropriate only under the following circumstances:  (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party.   *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 15} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim."   *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264.   Once the moving party meets its initial burden, the nonmovant must set forth specific facts demonstrating a genuine issue for trial.   Id. at 293, 662 N.E.2d 264.   Because summary judgment is a procedural device to terminate litigation, courts should award it cautiously after resolving all doubts in favor of the nonmoving party.   *Murphy v. Reynoldsburg*

(1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138, quoting *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 433 N.E.2d 615.

{¶ 16} In her first assignment of error, Richards contends that the trial court erred by concluding that National City complied with the notice requirements in the note and mortgage and, accordingly, that National City satisfied a condition precedent to acceleration of the note and foreclosure of the mortgage. Paragraph 6(C) of the note requires notice of default and an opportunity to cure the default as a condition precedent to acceleration. That paragraph states as follows:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

Thus, before the note holder may accelerate the debt, it must provide the debtor with written notice of default and its intent to accelerate, and it must give the debtor at least 30 days to pay the overdue amount.

{¶ 17} Both the note and mortgage contain provisions specifying requirements for giving notice. Paragraph 7 of the note states as follows:

> [A]ny notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Section 15 of the mortgage similarly provides as follows:

> Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.

{¶ 18} Richards maintains that National City failed to give her the required notice of default and opportunity to cure and that National City was, accordingly, not entitled to accelerate the note or foreclose on the mortgage. National City responds that Richards waived any right to challenge the acceleration by not denying its propriety in her answer and by not raising an affirmative defense with respect to failure of notice. National City also argues that it complied with the notice requirements under both the note and mortgage. Before turning to the merits of the notice issue, we will first address National City's contention that Richards waived any argument regarding notice by not denying the propriety of

the notice and by not raising an affirmative defense regarding failure of notice in her answer.

{¶ 19} Civ.R. 8(D) provides that "[a]verments in a pleading to which a responsive pleading is required * * * are admitted when not denied in the responsive pleading." Pursuant to that rule, National City argues that Richards admitted that National City complied with the notice requirements of the note and mortgage by not denying its averments to that effect in her answer. Contrary to National City's assertion, however, the complaint did not allege that the note was properly accelerated or that National City complied with the conditions precedent for acceleration. With respect to the note, the complaint alleges only as follows:

> [National City] is the holder and owner of a note, a copy of which is unavailable at this time. By reason of default under the terms of the note and the mortgage securing same, [National City] has declared the debt evidenced by said note due * * *.

Although the complaint generally alleges that Richards was in default under the terms of the note, it does not allege National City's compliance with conditions precedent to enforcement of the note, including notice of default and an opportunity to cure, as set forth in paragraph 6(C). Richards was not required to specifically deny that the note was properly accelerated when there was no allegation to that effect in the complaint. Moreover, the absence of a denial to that effect does not result in an admission of that unpleaded fact. See *Riley v. Riley* (May 8, 2000), 12th Dist. No. CA99–06–107, 2000 WL 554478 (holding that when a divorce complaint contained no averments regarding division of property, Civ.R. 8(D) was inapplicable, and the defendant admitted nothing with respect thereto by failing to file a responsive pleading); *Union Bank & Trust Co. v. Mercer Composting, Inc.* (Sept. 23, 1998), 3d Dist. No. 10–98–8, 1998 WL 668736 (noting that when failure to answer resulted in averments being viewed as admitted, the issue became what averments were made).

{¶ 20} In a related argument, National City contends that Richards was required to assert National City's purported failure to properly accelerate the note as an affirmative defense in her answer and that her failure to do so constitutes a waiver of her right to defend on that basis. Civ.R. 8(C) generally requires a defendant to plead any defense constituting an affirmative defense. Affirmative defenses other than those listed in Civ.R. 12(B) are waived if not raised in the pleadings. *Jim's Steak House, Inc. v. Cleveland* (1998), 81 Ohio St.3d 18, 20, 688 N.E.2d 506. An affirmative defense, however, is not the same as a condition precedent. Whereas an affirmative defense is separate from the merits of the plaintiff's cause of action and bars recovery even when the plaintiff has established a prima facie case, a condition precedent is directly tied to the

merits of the plaintiff's cause of action, which is itself contingent upon satisfaction of the condition. See *Lewis v. Wal–Mart, Inc.* (Aug. 12, 1993), 10th Dist. No. 93AP–121, 1993 WL 310411. Generally, whether a notice requirement is an affirmative defense or a condition precedent turns on the language of the requirement. *Gibbons–Grable–Goettle v. Northeast Ohio Regional Sewer Dist.* (Jan. 23, 1986), 8th Dist. No. 49132, 1986 WL 1061.

{¶ 21} "Where prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent," and it is subject to the requirements of Civ.R. 9(C). *First Financial Bank v. Doellman,* 12th Dist. No. CA2006–02–029, 2007-Ohio-222, 2007 WL 136746, ¶ 20. Civ.R. 9(C) provides: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity." This court discussed the requirements for pleading conditions precedent in *Lewis,* in which we stated as follows:

> Where a cause of action is contingent upon the satisfaction of some condition precedent, Civ.R. 9(C) requires the plaintiff to plead that the condition has been satisfied, and permits the plaintiff to aver generally that any conditions precedent to recovery have been satisfied, rather than requiring plaintiff to detail specifically how each condition precedent has been satisfied. In contrast to the liberal pleading standard for a party alleging the satisfaction of conditions precedent, a party denying the performance or occurrence of a condition precedent must do so specifically and with particularity. Civ.R. 9(C). A general denial of performance of conditions precedent is not sufficient to place performance of a condition precedent in issue. The effect of the failure to deny conditions precedent in the manner provided by Civ.R. 9(C) is that they are deemed admitted.

(Citations omitted.) *Lewis,* 1993 WL 310411, *3.

{¶ 22} *Doellman* involved facts similar to those involved here, and we agree with the Twelfth District's analysis in that case. There, the defendants-mortgagees opposed the bank's motion for summary judgment in a foreclosure action, arguing that they had not received notice of default and had not been given an opportunity to cure, as required by their note and mortgage. The bank argued that the defendants could not raise lack of notice in opposition to summary judgment because they failed to raise that issue in their answer to the complaint. The defendants' answer alleged that the bank failed to state a claim upon which relief could be granted, but it did not specifically allege that the bank failed to give the defendants notice of default. The court held that the defendants were not required to plead failure of notice with particularity because the complaint did

not allege, even generally, that the bank complied with conditions precedent in the note and mortgage. Therefore, the court found it sufficient that the defendants alleged failure to state a claim upon which relief could be granted. See also *Washington Mut. Bank v. Cowles,* 11th Dist. No. 2006–A–0076, 2007-Ohio-4771, 2007 WL 2696800, ¶ 34 ("[w]hen a plaintiff * * * fails to allege, even generally, the occurrence of conditions precedent in a foreclosure action, a defendant need not comply with the particularity requirement of Civ.R. 9(C) by pleading their non-occurrence").

{¶ 23} Unlike the defendants' answer in *Doellman,* Richards's pro se answer neither specifically alleged that National City failed to comply with a condition precedent by properly giving her notice of default nor alleged that National City failed to state a claim upon which relief could be granted *in its* foreclosure complaint. Nevertheless, we reject National City's argument that Richards waived the opportunity to rely upon failure of a condition precedent as a defense. Like in *Doellman,* National City's complaint did not allege, even generally, that National City complied with the conditions precedent to accelerating the debt under the Note or filing a foreclosure action. Under these circumstances, Richards was not required to allege the failure of a condition precedent, based on lack of notice, with specificity. See *Doellman,* 2007-Ohio-222, 2007 WL 136746, ¶ 21. Instead, a general defense of failure to state a claim upon which relief could be granted would be sufficient to raise the issue of lack of notice.

{¶ 24} A defending party may raise the defense of failure to state a claim upon which relief may be granted as late as the trial on the merits, and the defense is not waived by failure to assert it in a pleading or motion. *Ford v. Tonti* (June 15, 1995), 10th Dist. No. 94APE10–1488, 1995 WL 360239, citing *McCutcheon v. Brooks* (1988), 37 Ohio App.3d 110, 112, 524 N.E.2d 202; Civ.R. 12(B)(6) and 12(H)(2); *Cowles,* 2007-Ohio-4771, 2007 WL 2696800, ¶ 35. While Richards did not expressly raise a defense of failure to state a claim upon which relief could be granted in her answer, her failure to do so does not operate as a waiver of her arguments regarding National City's compliance with the notice requirements, especially when Richards argued failure of a condition precedent in opposition to National City's motion for summary judgment. While National City responded to Richards's argument regarding satisfaction of the notice requirements in both its reply memorandum in support of its second motion for summary judgment and in its third motion for summary judgment, National City did not argue, before the trial court, that Richards had waived her arguments regarding notice. Moreover, the trial court expressly considered the notice issue raised by Richards when deciding both National City's second and third motions for summary judgment. Therefore, we discern neither waiver by Richards nor

any other reason that would preclude this court from reviewing whether National City complied with the conditions precedent to acceleration and foreclosure, as established by the note and mortgage.

{¶ 25} Accordingly, we now turn our attention to the substantive question of whether National City complied with the notice requirements in the note and mortgage, thus fulfilling a condition precedent to its acceleration of the note and foreclosure of the mortgage. National City argues that it complied with the requirements of the note and mortgage when it mailed a notice of default to Richards at the property address. Richards, on the other hand, contends that National City neither mailed the notice of default by first class mail nor actually delivered it to the property address, as required by the terms of the note and mortgage. Therefore, she maintains that she was denied a 30-day period to cure her default before acceleration. We bear in mind that in reviewing National City's motion for summary judgment, we must view the evidence in the light most favorable to Richards.

{¶ 26} The express language of the note and mortgage requires that notice be given by either first class mail or by delivery to the property address or other address provided by the mortgagee. National City did not send the notice of default via first class mail. Instead, it sent the written notice of default by certified mail to Richards at the property address. National City states that it utilized certified mail to ensure that Richards received the notice of default. However, National City subsequently received a certified-mail return receipt, stating that the certified mail had been unclaimed. In her affidavit, Richards stated: "I do not recall receiving this letter at all. I definitely do not remember receiving a letter by certified mail."

{¶ 27} National City disputes Richards's argument that return of the certified-mail envelope as "unclaimed" evidences a failure of delivery. In support of its argument that it complied with the requirements of the note and mortgage, National City relies on *Fed. Natl. Mtge. Assn. v. Doyle* (Oct. 9, 1998), 6th Dist. No. L–98–1010, 1998 WL 700663, a plainly distinguishable case. The *Doyle* court applied the "mailbox rule," which establishes a rebuttable presumption that a letter mailed is received in due course, to reject a mortgagee's argument that he did not receive notice of default by certified mail, as required by the mortgage. Id., citing *Cantrell v. Celotex Corp.* (1995), 105 Ohio App.3d 90, 94, 663 N.E.2d 708. In *Doyle,* the plaintiff submitted an affidavit in support of summary judgment, stating that it mailed a notice of default by both certified mail and ordinary mail to the property address. While the certified-mail envelope was returned as unclaimed after three delivery attempts, the ordinary-mail envelope was not returned as undeliverable. Thus, based on the unreturned ordinary mail, the court concluded that a rebuttable presumption arose that the mortgagee

received actual notice of default despite his failure to claim the certified-mail notice. Because the record contained no evidence disputing the mortgagee's receipt of the notice of default, the court rejected the mortgagee's argument based on failure of notice and affirmed the summary judgment in favor of the plaintiff.

{¶ 28} Here, had National City mailed its notice of default via ordinary, first class mail, it would not only have been entitled to a rebuttable presumption of delivery based on the mailbox rule, but would have satisfied the express requirements of the note and mortgage. By contrast to the facts in *Doyle*, however, National City mailed its notice of default to Richards only by certified mail, which was returned to National City unclaimed. National City did not mail a notice of default by ordinary mail, either contemporaneously with its certified-mail notice or after return of the certified-mail envelope. Accordingly, no presumption of delivery arose. Moreover, even if a rebuttable presumption had arisen upon National City's certified mailing, the presumption was decisively rebutted by the uncontradicted evidence that the certified mail was returned to National City unclaimed.

{¶ 29} In a final attempt to demonstrate compliance with the requirements of the note and mortgage, National City suggests that the postal service's unsuccessful attempts to deliver the certified mail to Richards's property address equate to delivery, as permitted in the note and mortgage as an alternative to first class mail. We disagree. "Delivery" presumes the giving or yielding of possession or control to another. See Black's Law Dictionary (7th Ed. 1999); Webster's Encyclopedic Unabridged Dictionary (Random House 1997). The postal service did not give or yield possession of the notice of default to Richards. To the contrary, each attempt by the postal service to transfer the notice to Richards failed, ultimately leading to the postal service's return of the notice to National City. Notification that certified mail is being held for a recipient is undeniably distinct from delivery of the certified-mail contents. Here, the postal service's return of the certified-mail envelope to National City eliminates any possible inference of delivery to Richards.

{¶ 30} From the pleadings and the evidence in the record on summary judgment, we conclude, as a matter of law, that National City failed to give Richards the contractually required notice of default and an opportunity to cure her default before accelerating the balance due on the note and initiating proceedings to foreclose on the mortgage. Therefore, we sustain Richards's first assignment of error. Having done so, we conclude that Richards's second and third assignments of error, concerning Richards's attempts to bring her loan current and regarding the propriety and reasonableness of National City's claimed attorney fees, are moot.

{¶ 31} For these reasons, we reverse the judgment of the Franklin County Court of Common Pleas and dismiss National City's complaint.

Judgment reversed
and cause dismissed.

BRYANT and TYACK, JJ., concur.