[Cite as *CitiMtge., Inc. v. Loncar*, 2013-Ohio-2959.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | ) | CASE NO. 11 MA 174 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| RANDY LONCAR, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |


CHARACTER OF PROCEEDINGS:   Civil  Appeal from Common Pleas Court, Case No. 11CV148.

JUDGMENT:        Affirmed.

APPEARANCES:
For Plaintiff-Appellee:      Attorney Harry Cappel
               Attorney John Greiner
               511 Walnut Street, Suite 1900
               Cincinnati, Ohio  45202

               Attorney Jennifer Heller
               Attorney Thomas Henderson
               P.O. Box 5480
               Cincinnati, Ohio  45202

For Defendant-Appellant:     Attorney Thomas Michaels
               839 Southwestern Run
               Youngstown, Ohio  44514

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Frank D. Celebrezze, Jr.,
   Judge of the Eighth District Court of Appeals,
   Sitting by Assignment.

               Dated:  June 25, 2013

VUKOVICH, J.

{¶1}   Defendants-appellants Randy Loncar, individually, and Patricia Loncar, individually and as Trustee of Lauren Ann Loncar and Macy Lynn Loncar Family Trust (collectively referred to as the Loncars) appeal the decision of the Mahoning County Common Pleas Court granting summary judgment to plaintiff-appellee CitiMortgage, Inc. on its foreclosure action against the Loncars.   Two issues are raised in this appeal.   The first is, did CitiMortgage, Inc. have standing to bring this suit against the Loncars?   The second issue concerns service of the notice of default and whether there is a genuine issue of material fact that the Loncars and the Loncar Family Trust received notice of the default.

{¶2}   Regarding the first issue, at the time of filing the complaint CitiMortgage was not assigned the mortgage.   However, the note that was attached to the complaint indicates that Home Savings & Loan Co., the original lender, transferred the note to CitiMortgage.   Thus, CitiMortgage was the holder of the note at the time it filed the complaint against the Loncars and as such, it had standing to bring the suit. Concerning the second issue, an affidavit attached to CitiMortgage's Motion for Summary Judgment avers that the Loncars were served with the notice of default. This was sufficient to meet the notice requirement set forth in the note and mortgage. Consequently, the trial court's grant of summary judgment for CitiMortgage is hereby affirmed.

### Statement of the Case

{¶3}   On December 22, 2008, a note for $217,500 and mortgage for the property located at 200 Russo Dr., Canfield, Ohio, was executed by Randy Loncar, individually, and Patricia Loncar, individually and as Trustee of Lauren Ann Loncar and Macy Lynn Loncar Family Trust.   Home Savings & Loan Co. of Youngstown, Ohio was named as the lender on the note.

{¶4}   On January 14, 2011, CitiMortgage filed a complaint in foreclosure against the Loncars.   CitiMortgage claimed to be the holder of the note.   The complaint contained an assertion that the Loncars and the Loncar Family Trust were

in default on the note. Attached to the complaint is the note, which contains a stamped endorsement from Home Savings & Loan to CitiMortgage.

**{¶5}** On February 9, 2011, Home Savings & Loan assigned the mortgage to CitiMortgage, Inc. A notice of the assignment was filed with the common pleas court on April 12, 2011 indicating that the assignment was recorded in Mahoning County on March 4, 2011.

**{¶6}** On April 1, 2011, the Loncars filed an answer to the complaint. Multiple defenses were raised in the answer, however, the two of import are the allegation that CitiMortgage lacked standing and that the Loncars and specifically the Loncar Family Trust did not receive notice of default as is required by the note and mortgage.

**{¶7}** CitiMortgage filed a motion for summary judgment on May 19, 2011. Attached to the motion is an affidavit from the document control officer. The Loncars filed a motion in opposition to summary judgment again asserting that CitiMortgage lacked standing and that the Loncars did not receive notice of the default. An affidavit from Patricia Loncar is attached to the motion.

**{¶8}** On September 2, 2011, the trial court granted summary judgment in CitiMortgage's favor and issued a decree of foreclosure. It is from that order that the appellants appeal.

<u>First Assignment of Error</u>

**{¶9}** "Whether or not a plaintiff that is not the owner of the note and mortgage on the date the complaint is filed has standing to institute and prosecute a foreclosure proceeding."

**{¶10}** The Loncars argue that since CitiMortgage did not acquire the note and mortgage prior to filing the foreclosure complaint, CitiMortgage lacks standing and summary judgment could not be granted in CitiMortgage's favor. CitiMortgage acknowledges that it was not assigned the mortgage until after the filing of the complaint. However, it contends that by having the mortgage assigned prior to a final judgment it complied with Civ.R. 17(A). In essence, the majority of both parties'

arguments concerns whether the lack of standing can be corrected after the filing of the complaint. CitiMortgage asserts that it can, while the Loncars insist that it cannot.

**{¶11}** In May 2012, we held this case in abeyance pending the Ohio Supreme Court's decision in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214. In *Schwartzwald*, the Ohio Supreme Court was asked to decide whether "the lack of standing or real party in interest defect can be cured by the assignment of the mortgage prior to the judgment." *Id.* at ¶ 1. The Court held that standing is required to invoke the jurisdiction of the common pleas court and, as such, it is determined at the date of filing the complaint. *Id.* at ¶ 3. Therefore, "receiving an assignment of a promissory note and mortgage from the real party in interest subsequent to the filing of an action but prior to the entry of judgment does not cure a lack of standing to file a foreclosure action." *Id.* It further stated that Civ.R. 17(A) cannot be used to cure a lack of standing that exists at the commencement of the action. *Id.* at ¶ 39. Thus, the lack of standing at the commencement of a foreclosure action requires dismissal of the complaint without prejudice because it is not an adjudication on the merits. *Id.* at ¶ 40.

**{¶12}** The Ohio Supreme Court's holding in *Schwartzwald* renders the majority of CitiMortgage's arguments meritless. One argument, however, survives and must be addressed. In a two paragraph argument, CitiMortgage admits that it had not been assigned the mortgage when the complaint was filed; however, it contends that it does have standing because it was the owner of the note when the complaint was filed.

**{¶13}** CitiMortgage's averment that it was the holder of the note when the complaint was filed is supported by the record. A "holder" is defined as "the person in possession of the negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." R.C. 1301.201(B)(21)(A). "Person" for purposes of this definition includes a corporation. R.C. 1301.201(B)(27). Attached to the January 14, 2011 complaint is the note. At the bottom of the note is an endorsement that makes the note payable to CitiMortgage. Thus, given the

endorsement on the note, CitiMortgage was the holder of the note when the complaint was filed and is entitled to enforce the instrument.

{¶14} This conclusion and CitiMortgage's admission that it was not assigned the note prior to filing the foreclosure action presents this court with the following question. Does a party seeking foreclosure have standing to sue if it is the holder of the note, but has not been assigned the mortgage.

{¶15} Recently, the Eighth Appellate District addressed this exact issue in *CitiMortgage, Inc. v. Patterson*, 8th Dist. No. 98360, 2012-Ohio-5894, 984 N.E.2d 392. In determining that CitiMortgage had standing to sue, the *Patterson* court observed that the Ohio Supreme Court in *Schwartzwald* stated that the party seeking to foreclose did not have standing to invoke the jurisdiction of the common pleas court because "'it failed to establish an interest in the note *or* mortgage at the time it filed suit.'" *CitiMortgage, Inc. v. Patterson*, 8th Dist. No. 98360, 2012-Ohio-5894, 984 N.E.2d 392, ¶ 21 quoting *Schwartzwald*, at ¶ 28. Our sister court explained that the use of the disjunctive word "or" when discussing the interest the party seeking to foreclose was required to establish at the time it filed the complaint indicates that the foreclosing party is not required to have had the mortgage assigned to it **and** be the holder the note. *Id.* at ¶ 22.

{¶16} We agree with that conclusion. Thus, we hold that CitiMortgage did have standing to initiate the foreclosure suit because it was the holder of the note. The fact that it had not been assigned the mortgage prior to filing the suit does not affect its standing. This decision is not only based on the reasoning in *Patterson*, but also on the effect of what it means to be the holder of a note that is secured by a mortgage.

{¶17} R.C. 1303.31(A)(1) states that the holder of the instrument is entitled to enforce it. The Ohio Supreme Court has explained that a promissory note is secured by a mortgage, and thus, the note, not the mortgage represents the debt. *Kernohan v. Manss*, 53 Ohio St. 118, 133, 41 N.E. 258 (1895). Therefore, it reasoned that the transfer of the note by the owner carries with it equitable ownership of the mortgage. *Id.* The Court has also explained that standing is a jurisdictional requirement and a

party is deemed to lack standing unless it has some real interest in the subject matter of the action at the time the action was filed. *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, at ¶ 22. Therefore, in a foreclosure action, the holder of the note, regardless of whether it has been assigned the mortgage, has standing not only because it is the party entitled to enforce the instrument, but because it also has an equitable interest in the mortgage.

{¶18} Consequently, for the above stated reasons we hold that CitiMortgage did have standing at the time the complaint was filed because it was the holder of the note. This assignment of error lacks merit.

Second Assignment of Error

{¶19} "Whether or not a genuine issue of fact exists when there are competing affidavits concerning whether a notice of acceleration was received or the proper defendant received notice."

{¶20} In reviewing a summary judgment award, we apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.,* 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (1998). Thus, we apply the same test as the trial court. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Fleming,* 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994).

{¶21} The Loncars concede that it and CitiMortgage are bound by the terms in the note and mortgage. The terms of the note and mortgage require CitiMortgage to send the Loncars a notice of default. The Loncars argue that CitiMortgage did not comply with the notice provisions in the mortgage. Specifically, the Loncars argue that while the notice of default letter was sent to them at their residence, the notice was not sent to "Patricia Loncar as Trustee of the Lauren Ann Loncar and Macy Lynn Loncar Family Trust." They contend that the terms of the mortgage require the notice to be sent to all borrowers, which included the trust. The Loncars cite paragraph 22 of the mortgage in support of their position.

**{¶22}** Paragraph 22 of the mortgage does provide that the lender must give notice to the Borrower of the breach of any covenant. It also indicates what information the notice must contain. The Loncars do not argue that the notice does not contain the information required. Rather, as explained above, their arguments center on service. Paragraph 22 of the mortgage does not specifically address service, however, paragraph 15 of the mortgage and paragraph 7 of the note do. They respectively provide:

> 15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. * * * There may be only one designated notice address under this Security Instrument at any one time. * * * If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.
>
> * * *
>
> 7. GIVING OF NOTICES
>
> Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

**{¶23}** The 2008 Mortgage is for the 200 Russo Dr., Canfield, Ohio property and is signed by Randy Loncar as Grantor and Patricia Loncar as Trustee/Grantor. That mortgage refers to the 2008 note. The 2008 note is also for the Russo Dr.

property and is signed by Randy and Patricia Loncar individually, Randy Loncar as Grantor and Patricia Loncar as Trustee/Grantor. Paragraph 15 clearly indicates that notice to one borrower constitutes notice to all borrowers. Therefore, Since Randy and Patricia Loncar were borrowers on the note, if notice was sent to them as required by the mortgage it was sufficient notice to the trust, the other borrower.

{¶24} The Loncars next assert that they did not receive notice. Attached to their motion in opposition to summary judgment is an affidavit from Patricia Loncar in which she claims that she did not receive the notice of default as required under the language of the mortgage. The Loncars cite this court to a case that it claims stands for the proposition that there is a genuine issue of material fact when there is an allegation that the borrower did not receive notice of the default. *First Financial Bank v. Doellman*, 12th Dist. No. CA2006-02-029, 2007-Ohio-222.

{¶25} In *Doellman*, the appellate court did find that there was a genuine issue of material fact as to whether a notice of default was properly given to the Doellman's. However, the *Doellman* case is distinguishable. The letter providing notice that was attached to the lender's reply memorandum was not incorporated by reference into an affidavit or authenticated. *Id.* at ¶ 28. Thus, the letter was not proper evidence. Furthermore, the notice provision in that case required the notice to be sent by certified mail. *Id.* at ¶ 28. There was no evidence that it was sent by certified mail. Thus, there was no proper evidence that the notice contained the information the mortgage required it to.

{¶26} However, in the case at hand, the record contains proper evidence that CitiMortgage complied with the terms of the mortgage and the note when it sent the notice of default to Randy and Patricia Loncar. Attached to CitiMortgage's motion for summary is an affidavit from Dara R. Dugger, a document control officer for CitiMortgage. Attached to that affidavit and incorporated by reference is the notice of default letter from CitiMortgage. That notice is addressed to Randy and Patricia Loncar at 200 Russo Dr., Canfield Ohio.

{¶27} As referenced above, the language of the mortgage and note indicate that in order for this notice to be deemed received it had to be sent by first class mail

or if sent by other means, it had to actually be delivered. Therefore, CitiMortgage must show that the notice was either mailed by first class mail or if sent by other means that it was actually delivered.

**{¶28}** The Dugger affidavit does not specifically state that the notice was mailed first class mail or that it was sent by other means when it was actually delivered. Rather, the affidavit states, "Affiant states that the defendant was served with notice of their default and notice of the plaintiff's intent to accelerate by letter, attached here as Exhibit E." Dugger Affidavit Paragraph 11. This averment is sufficient to establish that CitiMortgage complied with the notice requirement; the indication that the Loncars were served with the notice, means it was either sent by first class mail or that it was actually delivered. That said, the affidavit could be clearer and contain information of how the notice was sent and if it was not sent by first class mail, when it was actually delivered. Regardless, we hold that information provided establishes that CitiMortgage complied with the notice provisions in the note and the mortgage and, as such, by the terms of those provisions the notice is deemed received. Therefore, for the above stated reasons the assignment of error lacks merit.

### Conclusion

**{¶29}** In conclusion, CitiMortgage had standing when it initiated the foreclosure action against the Loncars. Furthermore, CitiMortgage provided evidence that it complied with notice requirements in the note and the mortgage. Therefore, the trial court's grant of summary judgment for CitiMortgage is hereby affirmed.

Waite, J., concurs.
Celebrezze, J., concurs.