[Cite as *New York Life Ins. & Annuity v. Vengal*, 2014-Ohio-4798.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100557**

**NEW YORK LIFE INSURANCE AND ANNUITY**

PLAINTIFF-APPELLEE

vs.

**JACOB VENGAL, ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-11-754020

**BEFORE:** McCormack, J., Blackmon, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 30, 2014

**ATTORNEY   FOR APPELLANT**

Bruce M. Broyles
5815 Market Street
Suite 2
Boardman, OH 44512


**ATTORNEYS FOR APPELLEE**

Chris E. Manolis
Phillip C. Barragate
Ashlyn Heider
Shapiro, Van Ess, Phillips, & Barragate, L.L.P.
4805 Montgomery Road
Suite 320
Norwood, OH 45212

TIM McCORMACK, J.:

{¶1}   Defendant-appellant, Jacob Vengal ("Vengal"), appeals from the trial court's judgment that granted summary judgment in favor of appellee, New York Life Insurance and Annuity ("New York Life"), on a foreclosure action.   For the reasons that follow, we affirm.

## Substantive and Procedural Background

{¶2}   On February 11, 2006, Vengal and his wife, Mercy Vengal, executed a promissory note to Merrill Lynch Credit Corporation ("Merrill Lynch") in the amount of $875,000 for their residential property in Bentleyville, Ohio.   The note was secured by a mortgage with Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as nominee for the lender and the lender's successors and assigns.

{¶3}   The note contained several allonges, which included various endorsements.   The first allonge contained an endorsement from Merrill Lynch to PHH Mortgage Corporation ("PHH").   The second allonge was blank.   The third allonge contained an endorsement of the note from PHH to New York Life.   Additionally, the mortgage contained an assignment executed on February 28, 2011, that transferred the mortgage from MERS to New York Life.

{¶4}   On April 27, 2011, New York Life filed a complaint in foreclosure against Jacob Vengal, Mercy Vengal, and FirstMerit Bank, alleging that Jacob and Mercy Vengal had defaulted under the terms of the note and the mortgage.   According to New York Life, PHH exercised its option to accelerate the loan by sending a notice of default to Jacob and Mercy Vengal and it called due the entire principal balance.   The Vengals filed an answer to the complaint, denying the allegations and setting forth affirmative defenses.   Following two unsuccessful attempts at

mediation, New York Life filed a motion for summary judgment against Jacob and Mercy Vengal on June 19, 2013, which the trial court granted.

{¶5} Vengal appealed the trial court's judgment, alleging that the trial court erred in granting summary judgment because there exists a genuine issue of material fact.[1] Specifically, Vengal contends that an issue of fact exists (1) where the affidavit in support of the motion for summary judgment does not set forth the manner in which the notice of default was sent; and (2) where it cannot be determined if PHH was the note holder at the time it sent the notice of default.

**Law and Analysis**

{¶6} We review the trial court's decision on summary judgment de novo, using the same standard that the trial court applies under Civ.R. 56(C). *Secy. of Veterans Affairs v. Anderson*, 8th Dist. Cuyahoga No. 99957, 2014-Ohio-3493, ¶ 20, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶7} Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party. *Id.*, citing *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶8} "A factual dispute is 'genuine' only if 'it allows reasonable minds to return a verdict for the nonmoving party.'" *Huntington Natl. Bank v. Blount*, 8th Dist. Cuyahoga No.

---

[1] We note that while the trial court granted summary judgment against Jacob and Mercy Vengal, the sole appellant in this matter is Jacob Vengal. We therefore address the claims contained within this appeal as they relate to Jacob Vengal.

98514, 2013-Ohio-3128, ¶ 32, quoting *Sysco Food Servs. v. Titan Devs.*, 9th Dist. Medina No. 2429-M, 1995 Ohio App. LEXIS 4762, *7 (Oct. 25, 1995); *see also Wells Fargo Bank, N.A. v. Reaves*, 12th Dist. Clermont No. CA2014-01-015, 2014-Ohio-3556, ¶ 9 (stating that a dispute of fact can be considered "genuine" if it is supported by substantial evidence that exceeds the allegations in the complaint).   "Material facts" are those facts that might affect the outcome of the lawsuit under the governing law of the case.   *GM Acceptance Corp. v. Hern Oldsmobile-GMC Truck*, 8th Dist. Cuyahoga No. 67921, 1995 Ohio App. LEXIS 3897, * 23 (Sept. 7, 1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Turner v. Turner*, 67 Ohio St.3d 337, 340, 617 N.E.2d 1123 (1993).

{¶9}    Once a moving party satisfies its burden, under Civ.R. 56(E), the nonmoving party may not rest upon the mere allegations or denials of the moving party's pleadings, rather it has a reciprocal burden of setting forth specific facts demonstrating that there is a genuine issue of material fact for trial.   *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449, 663 N.E.2d 639 (1996).

{¶10} In order to properly support a motion for summary judgment in a foreclosure action, the bank must produce or identify in the record "evidentiary-quality material" demonstrating:   (1) that it is the holder of the note, which is secured by a mortgage, or that it is otherwise entitled to enforce the instrument; (2) that the mortgagor is in default; (3) that all conditions precedent have been met; and (4) the amount of the principal and interest due. *HSBC Bank USA, N.A. v. Surrarrer*, 8th Dist. Cuyahoga No. 100039, 2013-Ohio-5594, ¶ 16.

{¶11} Where a note or mortgage instrument requires prior notice of default or acceleration, the provision of notice is a condition precedent.   *Bank of Am., N.A. v. Pate*, 8th Dist. Cuyahoga No. 100157, 2014-Ohio-1078, ¶ 8.

{¶12} In this appeal, Vengal does not dispute the amount of principal and interest due or that he was in default. Rather, he contends that the notice of default purportedly sent to Vengal and his wife was defective in that there is no evidence indicating the manner in which the notice was sent. He therefore claims that there is an issue of fact whether New York Life provided Vengal with notice of default.

{¶13} Regarding notice, paragraph 7(B) of the note advises Vengal that if he "do[es] not pay the full amount of each monthly payment on the date it is due, [h]e will be in default." Under paragraph 7(C) of the note, entitled "Notice of Default," if Vengal is in default, the note holder may send written notice and is entitled to demand prepayment of the entire indebtedness:

> [T]he Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of the principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

Paragraph 8 of the note, which governs the "giving of notices," provides that, "[u]nless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address."

{¶14} Additionally, paragraph 15 of the mortgage provides that all notices given by the borrower or lender must be in writing. This paragraph further states that "[a]ny notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means."

**{¶15}** We find that New York Life satisfied its initial burden on summary judgment with respect to the condition of notice.  In support of its motion for summary judgment, New York Life provided the affidavit of Tanisha N. Thomas, an authorized signor of PHH, the servicing agent for New York Life, and authenticated copies of the note and the mortgage.  Ms. Thomas stated that she is familiar with the business records maintained by PHH for the purpose of servicing mortgage loans and she has personal knowledge of Vengal's loan account.  Through this affidavit and the instruments attached to its motion, New York Life avers that Vengal has not made payments as required by the terms and conditions of the note and mortgage; Vengal defaulted on the note and mortgage; and there is presently due and owing an unpaid principal balance of $862,138.48, with interest thereon at the note rate of 6.247% per annum from September 1, 2010, plus sums advanced by New York Life under the terms of the mortgage. Significantly, Ms. Thomas also averred that PHH has "exercised the acceleration option" contained in the note and the mortgage and it has "called due" the entire unpaid balance now due and owing New York Life.  These averments are sufficient to establish that New York Life satisfied the conditions precedent to enforcement of the note and mortgage, namely that PHH, as note holder, was entitled to enforce the prepayment obligation, that it provided Vengal with notice of his default, and that the indebtedness remained unpaid.

**{¶16}** Once New York Life, as the moving party, has satisfied its burden under Civ.R. 56, the nonmoving party bears a reciprocal burden to set forth specific facts demonstrating that there is a genuine issue of material fact for trial.  In response to New York Life's motion for summary judgment and in an attempt to create a genuine issue of material fact, Vengal attached his own affidavit to his memorandum in opposition, stating that he did not receive the notice.  However, neither the note nor the mortgage requires that New York Life demonstrate that Vengal actually

received the notice of default/intent to foreclose. In fact, the language of the mortgage indicates that the notice shall be deemed "to have been given" to the borrower when the notice is mailed by first class mail or when actually delivered to the borrower's notice address if sent by other means. As such, New York Life must demonstrate only that the notice was either mailed by first class mail or delivered, not that the notice was actually received. *CitiMortgage, Inc. v. Loncar*, 7th Dist. Mahoning No. 11 MA 174, 2013-Ohio-2959, ¶ 27.

{¶17} Although Vengal's affidavit stating that he did not receive the notice may create a genuine issue of material fact as to whether he actually received the notice, the terms of the note and the mortgage do not require that he actually receive the notice. Therefore, Vengal's affidavit denying receipt of the notice, without more, does not create a genuine issue of material fact as to whether New York Life sent the notice by first class mail (or delivered to the property address). *Wells Fargo Bank, N.A. v. Murphy*, 7th Dist. Mahoning No. 13 MA 35, 2014-Ohio-2937 (where the bank produced evidence that a notice was "sent" and the mortgage does not require the bank to show receipt of notice, the borrower's affidavit stating he did not receive the notice does not create a genuine issue for trial); *Fifth Third Mtge. Co. v. Wizzard*, 12th Dist. Butler No. CA2012-11-226, 2013-Ohio-3084 (compliance with the notice provisions of the note and mortgage did not hinge upon mortgagor's actual receipt of the notice of default).

{¶18} In its reply to Vengal's affidavit and memorandum in opposition, New York Life provided the affidavit of Felicia D. Polk, an assistant vice president for PHH, which highlighted New York Life's entitlement to summary judgment in its favor. Ms. Polk stated that, in her position, she has access to business records, including loan records maintained by PHH, and she has personal knowledge of Vengal's loan. Through the affidavit of Ms. Polk, New York Life avers that a "notice of default in payment and acceleration of the loan was sent to [Vengal] on

December 7, 2010 * * * at [the property address]."   Ms. Polk authenticated a true and accurate copy of the notice that New York Life purportedly sent to Vengal, which was entitled "Notice of Intention to Foreclose."   The notice provided as follows:

> The mortgage on your property is in default for the October 01, 2010 payment and is now 3 months past due.   At this writing the total amount required to cure your default is $13,464.45.   To avoid foreclosure we are demanding that you make a payment in "certified funds" for the total amount due.
>
> * * *
>
> In the event you do not cure the default in full within thirty (30) days from the date of this letter (as provided by the terms of the mortgage), payment of the current principal balance will be accelerated and foreclosure proceedings will be initiated.

{¶19} We find that through Ms. Polk's affidavit, along with the accompanying notice, no genuine issue of material fact exists that would preclude summary judgment in New York Life's favor.   New York Life provided a copy of the notice of intent to foreclose; the notice was authenticated by Ms. Polk's affidavit; and Ms. Polk averred in her affidavit that the notice was "sent" to Vengal on December 7, 2010 at the property address.

{¶20} Moreover, we find that Ms. Polk's statement that the notice of intent to foreclose "was sent to [Vengal] on December 7, 2010 * * * at [the property address]" is sufficient to establish that New York Life sent the notice by first class mail, despite the fact that the affidavit does not specifically state that the notice was sent by first class mail or that it was sent by any other means.   *See Loncar*, 7th Dist. Mahoning No. 11 MA 174, 2013-Ohio-2959, at ¶ 28 (the averment that the borrower "was served with notice" means that the notice was either sent by first class mail or that it was actually delivered and, by the terms of the notice provisions, the

notice is deemed received); *see also Deutsche Bank Natl. Trust Co. v. Johnson*, 5th Dist. Licking No. 12-CA-96, 2013-Ohio-4661, ¶ 21 (where the note and mortgage provide notice is effective upon mailing, the affidavit incorporates by reference the notice, the notice is addressed to borrower, and the notice states that the party was "served with" notice of their default, lender has complied with notice requirement); *but see First Fin. Bank v. Doellman*, 12th Dist. Butler No. CA2006-02-029, 2007-Ohio-222 (where mortgage instrument required notice to be sent by certified mail, and the bank employee's affidavit said the notice was sent but offered no evidence it was sent by certified mail, there was an issue of fact whether the notice was properly given); *Natl. City Mtge. Co. v. Richards*, 182 Ohio App.3d 534, 2009-Ohio-2556, 913 N.E.2d 1007 (10th Dist.) (where the note and mortgage require notice of default be mailed by first class mail, but the mortgagee mailed the notice by certified mail and was advised that the notice was unclaimed, there was no rebuttable presumption under the mailbox rule that notice was delivered because any presumption of delivery arising from the certified mailing was rebutted by evidence that the notice was returned to the mortgagee unclaimed).

{¶21} Vengal also alleges on appeal that there is a genuine issue of material fact regarding whether PHH was the note holder at the time the notice of default was sent. In support of his position, Vengal submits that the notice of default contains the names of both PHH and Merrill Lynch, yet Ms. Thomas avers that PHH exercised the acceleration option. He also states that the allonges attached to the note are undated. Vengal contends it is therefore "difficult, if not impossible, * * * to determine who the note holder was" at the time the notice was sent.

{¶22} As previously stated, the "Notice of Default" provision contained in the note provides that "the Note Holder may send [Vengal] a written notice telling [him] that if [he does]

not pay the overdue amount by a certain date, the Note Holder may require [Vengal] to pay immediately" the amount of the principal that has not been paid and any interest owed on that amount. Ms. Thomas avers that PHH "has exercised the acceleration option contained in said Promissory Note and Mortgage deed and has called due the entire unpaid principal balance now due and owing." New York Life has therefore satisfied its initial burden under summary judgment regarding its ability to send the notice of default.

{¶23} Turning to Vengal's response, we find that Vengal provides nothing more than mere allegations that there is no evidence PHH was the note holder at the time the notice of default was sent or that it is "difficult to determine" the identity of the note holder. In his memorandum in opposition to New York Life's summary judgment, he states that the affidavit of Ms. Thomas "should be insufficient to establish that * * * Plaintiff is the holder of the note." Vengal, however, fails to produce any evidence contradicting PHH's authority to send the notice.

{¶24} In fact, the only evidence submitted by Vengal in support of his position is his affidavit in which he denied receiving the notice of default. As we previously discussed, this affidavit failed to create a genuine issue of material fact whether the notice was sent by first class mail. Likewise, as Vengal's affidavit solely addressed his alleged failure to receive the notice, his averment fails to satisfy his reciprocal burden of setting forth specific facts demonstrating that there is a genuine issue of material fact for trial regarding whether PHH was, in fact, the note holder authorized to send the notice of default.

{¶25} In light of the above, we find that New York Life has demonstrated that there are no genuine issues of material fact that remain to be litigated and it is entitled to judgment as a matter of law. The trial court therefore properly granted summary judgment to New York Life.

**{¶26}** Vengal's sole assignment of error is overruled.

**{¶27}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

PATRICIA ANN BLACKMON, P.J., CONCURS;
MELODY J. STEWART, J., DISSENTS (WITH SEPARATE OPINION ATTACHED)

MELODY J. STEWART, J., DISSENTING:

**{¶28}** The majority decides that an affidavit averring that notice of intent to foreclose was "sent" is sufficient to establish that notice was sent by first class mail, despite the fact that the affidavit does not specifically state that the notice was sent by first class mail, nor does it specify that it was sent by any other means. For the following reasons, I dissent from the decision to affirm the trial court's grant of summary judgment in this case.

**{¶29}** The relevant provisions of the note and mortgage are paragraph 8 of the note and paragraph 15 of the mortgage. Paragraph 8 of the note governs the giving of notices. It states:

> Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by *first class mail* to me at the Property Address above or at a differing address if I give the Note Holder a notice of my different address.

(Emphasis added.) Paragraph 15 of the Mortgage reads as follows:

> All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by *first class mail* or when *actually delivered* to Borrower's notice address if sent by other means.

(Emphasis added.)

{¶30} The language of the note and mortgage clearly indicate that in order for notice to be deemed received, notice must be mailed by first class mail, or, if sent by other means, notice had to actually be delivered.[2]

{¶31} Failure to comply with the express requirements of the note and mortgage in a foreclosure is considered a failure to comply with conditions precedent to acceleration and foreclosure, and a case may be dismissed on these grounds. *Richards* at ¶ 21. When moving for summary judgment, New York Life had the burden of establishing the absence of a genuine issue of material fact with regard to conditions precedent to acceleration and foreclosure. *Lasalle Bank, N.A. v. Kelly*, 9th Dist. Medina No. 09CA0067-M, 2010-Ohio-2668, ¶ 14. Therefore, New York Life, on summary judgment, carried the burden of showing that notice was either mailed to Vengal's address by first class mail, or, if sent by other means, that it was actually delivered to Vengal. New York Life failed to meet its burden of proof.

{¶32} An affidavit simply stating that notice was "sent," is not specific enough to overcome a genuine issue of material fact. From this statement, it is impossible to determine how notice was effectuated and whether notice was effectuated in compliance with the terms of

---

[2] "'Delivery' of an item, such as a notice of default under the terms of a note and mortgage, presumes the giving or yielding of possession or control to another." *Richards,* 182 Ohio App.3d 534, 2009-Ohio-2556, 913 N.E.2d 1007, ¶ 29.

the note and mortgage. As the majority notes, one could certainly assume from an affidavit stating notice was "sent," that the notice was sent by first class mail. However, one could just as easily assume that notice was sent by certified mail, email, personal courier, drone, or even carrier pigeon — all of which would require evidence of actual delivery.

{¶33} The summary judgment standard leaves no room for assumptions in favor of the movant, neither does a de novo review of applying the standard, especially when there is contradictory evidence presented. If indeed notice was sent by any means other than first class mail, the bank must provide evidence of actual delivery. Vengal's sworn affidavit states that he never received notice. The movant must present evidence which establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Civ.R. 56; *Secy. of Veterans Affairs*, 8th Dist. Cuyahoga No. 99957, 2014-Ohio-3493, ¶ 20

{¶34} The Tenth District's decision in *Richards,* 182 Ohio App.3d 534, 2009-Ohio-2556, 913 N.E.2d 1007, explains why an affiant must specifically state the method of serving notice in a mortgage foreclosure action in order to prevail on a motion for summary judgment. In *Richards*, the terms of a note and mortgage required delivery of notice of default and acceleration by first class mail, or, if not by first class mail, then by any other method of service that results in actual delivery. *Richards* at ¶ 26. National City did not send the notice of default via first class mail. Instead, it sent the written notice of default by certified mail to Richards, at his property address. *Richards* at ¶ 26. National City subsequently received a certified-mail return receipt, stating that the certified mail envelope went unclaimed. *Id.* Similar to this case, Richards also averred that he never received notice. *Id.*

{¶35} Because National City did not send notice by first class mail, the court held that National City was not entitled to the presumption of delivery. *Id.* at ¶ 28. Moreover, because

National City did not send notice by first class mail, but rather sent notice by other means, the court determined that National City had the burden of proving that notice was actually delivered. The court held that National City failed to meet its burden on summary judgment because an unclaimed certified mail receipt is insufficient evidence that notice was actually delivered.

{¶36} Applying the reasoning of the Tenth District in *Richards* to the present case, no presumption of delivery is allowed unless New York Life can attest that notice of default and acceleration was sent by ordinary, first class mail, or that notice was actually delivered through a claimed certified mail receipt or by other means of proof of delivery. Simply stating that notice was "sent" is not enough to give rise to the presumption that notice was delivered because "sent" could mean that notice was sent by certified mail (which would not give rise to a presumption of delivery if returned unclaimed) or by some other means by which delivery was not actually effectuated.

{¶37} Furthermore, I believe the majority's reliance on *Loncar*, 7th Dist. Mahoning No.11 MA 174, 2013-Ohio-2959, is misplaced. The resolution of the issue in *Loncar* turns on the fact that there was an averment that the borrower "was served with notice." The court in that case interpreted the phrase to mean that notice was either sent by first class mail or that it was actually delivered. Without expressing an opinion on the *Loncar* court's interpretation of the phrase, averring that a notice was "served" inherently connotes a legally compliant delivery. Averring that a notice was merely "sent" does not.

{¶38} The only way for New York Life to establish that notice was properly sent in compliance with the mortgage and note is to present evidence that notice was sent by first class mail or to present evidence that the notice was actually delivered. Without evidence of the

method of service, New York Life has not met its burden to have summary judgment granted in its favor.

{¶39} While stating that notice was "sent" and stating that notice was "sent by first class mail" is apparently a distinction without a difference to the majority, the two statements are not one in the same.   Furthermore, it is neither inherently unfair nor unduly burdensome to require New York Life to present evidence showing that it fully complied with the terms and conditions of its own contract — a contract that it produced, and had Vengal sign.   In essence, New York Life is asking the courts to hold Vengal to the contract provisions on default and acceleration while simultaneously attempting to shirk its obligations of proving that proper notice was given in accordance with the notice provisions of the contract.   I dissent from this decision allowing it to do so.